UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**JAMES BROWN,**

                               **Petitioner,**

                                                                   9:07-CV-1139 (NAM/DEP)

   vs.

**JAMES CONWAY, Superintendent, Attica
Correctional Facility,**

                               **Respondent.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

JAMES BROWN
03-B-2603
Attica Correctional Facility
Box 149
Attica, New York 14011
Petitioner, *pro se*

HON. ANDREW M. CUOMO, Attorney General of the State of New York
ALYSON J. GILL, ESQ., Assistant Attorney General
LEILANI RODRIGUEZ, ESQ., Assistant Attorney General
Department of Law
The Capitol
Albany, New York 12224
Attorneys for Respondent

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

      Petitioner James Brown ("Brown") is an inmate in the custody of the New York State

Department of Correctional Services pursuant to a jury conviction in County Court, Otsego

County, of rape in the first degree, sodomy in the first degree (two counts), assault in the first

degree (three counts), robbery in the first degree (two counts) and kidnaping in the second degree,

arising out of his abduction and physical and sexual assault of a 15-year-old girl.[1] The conviction was upheld on appeal. *See People v. Brown*, 806 N.Y.S.2d 262 (3d Dep't Dec. 8, 2005), *leave to appeal denied* 6 N.Y.3d 832 (Mar. 15, 2006). Brown brings this *pro se* proceeding for *habeas corpus* under 28 U.S.C. § 2254. Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.4, United States Magistrate Judge David E. Peebles submitted a Report and Recommendation (Dkt. No. 11). The Court adopts Magistrate Judge Peebles' summary of the background of the case and the applicable law and does not repeat them here. As set forth below, the Court dismisses the petition both as untimely and on the merits.

## DISCUSSION

The Report and Recommendation recommends dismissal of the petition on the ground of untimeliness. After concluding that Brown's time for filing under 28 U.S.C. § 2254 expired on June 13, 2007, over four months prior to the October 19, 2007 date of the petition, Magistrate Judge Peebles finds that Brown has not demonstrated that the limitations period should be extended on grounds of equitable tolling, actual innocence, or any other ground. Because he finds the petition was untimely filed, Magistrate Judge Peebles does not address the merits of the petition. He concludes as follows:

> The petition in this matter, in which Brown raises eight grounds for seeking habeas relief, was filed more than sixteen months after his conviction became final for AEDPA purposes, through expiration of the time for seeking certiorari review by the United States Supreme Court, and thus four months beyond the expiration of the governing one-year statute of limitations. Since petitioner has offered no plausible basis for concluding

---

[1] All of these crimes are defined as a class "B" Violent Felonies under New York Penal Law § 70.02(1)(a). Brown was adjudicated a second felony offender; as a result, he was subject to a determinate sentence on each count of eight to 25 years. Penal Law § 70.06(6)(a). The court imposed the maximum 25-year sentence on each count, and, because some sentences were ordered to run consecutively to each other, Penal Law § 70.25, Brown's aggregate sentence was 100 years. The sentence was statutorily reduced to 50 years. Penal Law § 70.30 (1)(e)(vi).

2

> either that equitable tolling should be invoked in order to salvage his otherwise untimely petition or that he is actually innocent of the crimes of conviction, it is hereby respectfully
>
> RECOMMENDED that the petition in this matter be DISMISSED as untimely; and it is further
>
> RECOMMENDED that a certificate of appealability not be issued with respect to the claims set forth in his petition.

On June 22, 2010, after twice extending Brown's time to submit objections, the Court noted that no objections had been received and entered Judgment adopting the Report and Recommendation and closing the case (Dkt. Nos. 17, 18). On June 23, 2010, the Court received Brown's objection (Dkt. No. 19). In two letters dated June 25, 2010 (Dkt. Nos. 20, 21), Brown sets forth good cause for the delay in the Court's receipt of his objection, and accordingly the Judgment (Dkt. No. 18) is vacated. The Court accepts the objection, which addresses the timeliness issue as well as the merits of the petition. Upon *de novo* review of the entire matter, *see* 28 U.S.C. § 636(b)(1)(C), the Court dismisses the petition on both grounds.

**Timeliness**

On the timeliness issue, Magistrate Judge Peebles notes that Brown's time for filing his *habeas* petition expired on June 13, 2007, and that the petition was dated October 19, 2007. As Magistrate Judge Peebles observes:

> In 'rare and exceptional circumstances' a petitioner may invoke the court's power to equitably toll the limitations period" imposed under the AEDPA. *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004), *cert. denied*, 546 U.S. 961, 126 S.Ct. 489 (2005) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)); *Corrigan v. Barbery*, 271 F. Supp.2d 325, 330 (W.D.N.Y. 2005) (citing *Smith*). Under this narrow exception, the AEDPA statute of limitations may properly be equitably tolled where a petitioner has diligently pursued his or her rights, but has been prevented by "extraordinary circumstances" from filing a petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005) (citation omitted); *see also*

> *Menefee*, 391 F.3d at 154. "To merit application of equitable tolling, the petitioner must demonstrate that he [or she] acted with reasonable diligence during the period he [or she] wishes to have tolled, but that despite his [or her] efforts, extraordinary circumstances beyond his [or her] control prevented successful filing during that time." *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) (internal quotation and citation omitted), *cert. denied*, 535 U.S. 1017, 122 S.Ct. 1606 (2002); *see also Warren* [*v. Garvin*], 219 F.3d [111,] 113 [2d Cir. 2000] (citing *Smith*); *West v. Hamill*, No. 04-CV-2393, 2005 WL 1861735, at *1 (E.D.N.Y. Aug. 1, 2005) (citing *Smith*).

As explanation for the delay, Brown writes in his petition:[2]

> Petitioner did not become aware that his State Court Appeal had become final until June 27, 2007, when after filing an Application for Leave to file a late Application for Leave to appeal to the New York State Court of appeals on June 1st, 2007, Petitioner received a letter from the Court of Appeals Clerk's Office stating that Petitioner's attorney Mr. MICHAEL T. SNYDER, Esq., who represented Petitioner on his direct appeal to the State Appellate Division, had filed an Application for Leave to Appeal to the Court of Appeals, which was denied on March 15, 2006. Petitioner was not informed of the State Highest Court decision by Appellate Counsel or the Clerk of the New York Court of Appeals. I[n] fact, Petitioner only became aware of the on June 27, 2007, some three months after the one year statute of limitations had expired.

Accepting the truth of this allegation does not explain the delay of nearly four months between June 27, 2007, when Brown learned of the Court of Appeals' March 15, 2006 denial of the application for leave to appeal, and October 19, 2007, the date of the instant petition. The Court agrees with Magistrate Judge Peebles that

> petitioner's claim that he was unaware of the denial of leave to appeal until a year and a half after the Appellate Division's decision affirming his conviction, with no indication of any attempt by petitioner to contact his attorney to inquire regarding the status of his appeal efforts, does not present the type of circumstance reflecting a diligent pursuit of rights foiled by extraordinary circumstances which would merit the invocation of equitable tolling. *Smaldone*, 273 F.3d at 138-39 (citing cases and noting

---

[2] The Court quotes directly from the record without noting or correcting errors.

4

> that attorney error and/or negligence is not a valid basis for equitable tolling); *see also, West*, 2005 WL 1861735, at *2.

In his objection to the Report and Recommendation, Brown writes the following with respect to the timeliness issue:

> Also, in regards to my petition being time-barred, on June 1st of 2007 I, being assisted by an inmate law Clerk, I completed, had notarized and handed my petition to the law library officer, with a facility disbursement form filled out for postage, to be placed with outgoing legal Correspondence. However, upon close scrutiny of my records, I've discovered that my signature on both my Writ of federal habeas corpus as well as an unfamiliar document concealed within my records are not my own. (copies enclosed)

Included with Brown's objection are what appear to be the first and last pages of Brown's June 1, 2007 letter (which he refers to in his petition) addressed to the New York State Court of Appeals "seeking an extension to the time within which to seek permission for leave to appeal to the Court of Appeals from a Decision and Order entered by the Appellate Division, Third Department, on or about March 15, 2006." It is signed "James Brown", notarized on June 1, 2007, and stamped "Received Jun 25, 2007 New York State Court of Appeals." It is not clear what point Brown is making in his objection regarding these pages, whether he wishes the Court to view them as the "petition" referred to in his objection (which he seems to allege is an earlier *habeas corpus* petition), or whether this is the document to which he refers as "an unfamiliar document concealed within [his] records" bearing a signature "not [his]own." Whatever significance Brown may assign to these pages, they do not suggest the existence of any factual scenario that would warrant equitable tolling, nor do they support a finding that petitioner acted with reasonable

5

diligence but was prevented from timely filing by extraordinary circumstances.[3]

Further, there is no basis for a finding of actual innocence. *See Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003). As Magistrate Judge Peebles states, "petitioner has failed to come forward with any new evidence that would provide support for a claim of actual innocence[,]" and, moreover, "the evidence of guilt adduced at trial was plentiful." Accordingly, on *de novo* review of the timeliness issue, the Court adopts the Report and Recommendation.

**Merits**

In any event, the petition wholly lacks merit. In the first ground of the petition, Brown claims that Judge Coccoma's denial of his motion to suppress certain statements and physical evidence violated his Fourth Amendment rights. Federal *habeas* review of Brown's Fourth Amendment claim is barred by *Stone v. Powell*, which holds that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 494 (1976) (footnote omitted). *See Palacios v. Burge*, 589 F.3d 556, 561 (2d Cir. 2009); *Richardson v. Artus,* 2010 WL 1188010, (N.D.N.Y. March 29, 2010). Applying *Stone*, the Second Circuit has stated that a federal court may undertake *habeas* review of a Fourth Amendment claim only "if the state provides no corrective procedures at all to redress Fourth Amendment violations," or, possibly,

---

[3] The only other documents Brown includes with the objection are the affidavit of service by mail on October 19, 2007 of the instant *habeas corpus* petition, and the affidavits of service of the objection to the Report and Recommendation, notarized on June 17, 2010. It is true that the signatures "James Brown" on the habeas corpus petition and on the June 1, 2007 letter to the New York State Court of Appeals appear to differ substantially from the signatures on the affidavits of service. Brown does not, however, explain the import of these differences. They do not alter the fact that the instant *habeas corpus* petition was signed and mailed on October 19, 2007. Nor do they support equitable tolling or otherwise excuse the late filing.

where "the state provides the process but in fact the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process[.]" *Gates v. Henderson*, 568 F.2d 830, 840 (2d Cir. 1977). Here, Brown moved before Judge Coccoma to suppress incriminating statements and physical evidence, claiming they were the products of an unconstitutional stop of his vehicle and seizure of his person. At the multi-day suppression hearing, several New York State Police troopers and investigators testified and were cross-examined at length regarding the initial encounter with Brown and his vehicle, the search of his vehicle, his arrest, the investigation, the evidence obtained, and the statements he made. Brown did not testify. After a full suppression hearing, Judge Coccoma denied the motion. Clearly, Brown received a full and fair opportunity to litigate his Fourth Amendment claim. He may not obtain federal *habeas* relief on this ground.

The second, third, and fourth grounds in the petition challenge Judge Coccoma's evidentiary rulings. Ground two argues that Judge Coccoma erred in denying Brown's motion to review the victim's school and counseling records and precluding cross examination of the victim with respect to her medications and counseling. Ground three argues that Brown's right to confront his accuser was violated by Judge Coccoma's preclusion of a letter, journal entry, and poem the victim had written which, according to Brown, would have undermined her credibility. And ground four claims Judge Coccoma erred in refusing to allow Brown to call the victim's former boyfriend as a witness. Brown raised these issues on his appeal to the Third Department, which properly rejected them on the merits. This Court finds no error in these evidentiary rulings. In any event, it is clear beyond a reasonable doubt that Brown would have been convicted even if the disputed evidence had been allowed. *See Benn v. Greiner*, 402 F.3d 100,

7

105-06 (2d Cir. 2005). First, the potential impact of this evidence was minimal. There is nothing in the record to suggest that the victim's school and counseling records contained evidence that could have assisted the defense; the writings in issue cannot reasonably be viewed as significantly damaging to her credibility; and the proffered testimony of her former boyfriend comprised merely extrinsic evidence on collateral matters. Further, defense counsel conducted a lengthy and effective cross examination of the victim, raising a substantial challenge to her credibility based primarily on statements she made to law enforcement and medical personnel; the evidence in issue would have had a negligible impact on this cross-examination. In addition, there was ample evidence corroborating the victim's version of events, including in particular the medical evidence and the DNA evidence taken from the vehicle. In contrast, evidence affirmatively corroborating Brown's version of events was lacking. And finally, the prosecution's case was strong; the charges were supported by the victim's testimony, evidence retrieved from the vehicle, testimony from law enforcement and medical personnel, and many aspects of Brown's own testimony both on direct and cross examination. Thus, even assuming that the exclusion of the disputed evidence was error, on this record it was harmless beyond a reasonable doubt. *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986); *Cotto v. Herbert*, 331 F.3d 217, 253 (2d Cir. 2003). The second, third, and fourth grounds present no basis for *habeas* relief.

In the fifth ground of the petition, Brown claims he was denied a fair trial because, when cross-examining him, the prosecutor "repeatedly asked the Petitioner to explain the testimony of the People's witnesses, made it appear to the trial jury that if Petitioner had no explanation to explain the People's witnesses, then the People witnesses must have been telling the truth[.]" A reading of the 132-page cross examination of Brown shows that on about a dozen instances the

prosecutor asked him if witnesses whose testimony differed from Brown's were "mistaken", and once asked if a witness was "wrong". There are no other questions that could arguably support Brown's claim. There was no objection, and the Third Department declined to reach the issue because it was unpreserved. Where, as here, the reviewing state court decides a claim on procedural grounds, *habeas* relief is only available if the petitioner shows either cause and prejudice or a fundamental miscarriage of justice. *See Harris v. Reed*, 489 U.S. 255, 262 (1989); *Murray v. Carrier*, 477 U.S. 478, 485, 495 (1986). Here, Brown makes no such showing. Indeed, at least under federal law, it is not improper to cross-examine a defendant regarding whether a witness who gave conflicting testimony was "mistaken" or "wrong". *See United States v. Hutchinson*, 1999 WL 316799, *1 (2d Cir. 1999); *United States v. Giand*, 31 F.3d 73, 77 (2d Cir. 1994); *see also United States v. Harris*, 471 F.3d 507, 512 (3d Cir. 2006); *United States v. Wallace*, 461 F.3d 15, 25 (1st Cir. 2006); *People v. Connors*, 836 N.Y.S.2d 411, 412 (1st Dep't 2007); *but see People v. Balkum*, 464 N.Y.S.2d 63, 64 (4th Dep't 1983).

The sixth ground of the petition claims that the verdict is against the weight of the evidence. This is not a ground for *habeas* relief. *See McKinnon v. Superintendent, Great Meadow Corr. Facility*, 355 Fed. Appx. 469, 475 (2d Cir. 2009) ("[T]he argument that a verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus."). If Brown's claim is construed as a legal sufficiency claim based on federal due process principles, *see Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979), it fails on the merits. The Court easily concludes that the evidence is sufficient to permit a rational trier of fact to find the essential elements of the crimes beyond a reasonable doubt. *See id.* at 319.

In ground seven, Brown contends he was denied his Sixth Amendment right to effective

assistance of counsel at trial. Under *Strickland v. Washington*, a criminal defendant asserting that counsel's representation is constitutionally deficient must show that it "fell below an objective standard of reasonableness." 466 U.S. 668, 688 (1984). Moreover, "[a]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* at 692. To show prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *accord Bell v. Miller*, 500 F.3d 149, 155 (2d Cir. 2007). Brown bases his ineffective assistance claim on his contention that the prosecutor improperly cross-examined him regarding the inconsistent testimony of other witnesses. This Court has already found that such cross-examination was not improper under federal law. To the extent that the cross examination may have been error under state law, the Third Department rejected Brown's claim that failure to object constituted ineffective assistance, stating: "Despite counsel's failure to object to this line of questioning, defendant received the effective assistance of counsel." *Brown*, 806 N.Y.S.2d at 266. This holding was not contrary to, or an unreasonable application of, clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d)(1). Indeed, Brown received a competent, thorough, and vigorous defense, and there is no basis on the record to find that defense counsel's representation fell below an objective standard of reasonableness or that, but for his alleged errors, the result of the prosecution would have been different.

Ground eight claims that the sentence is harsh and excessive and should be reduced in the interest of justice. No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law. *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992). Brown's assertion that Judge Coccoma abused his discretion in imposing consecutive

sentences is not subject to *habeas* review. *See United States v. Ferguson*, 758 F.2d 843, 856 (2d Cir. 1985).

## CONCLUSION

It is therefore

ORDERED that the Judgment (Dkt. No. 18) is vacated; petitioner's objection (Dkt. No. 19) is accepted; and his requests that the Court consider his objection (Dkt. Nos. 20, 21) are granted; and it is further

ORDERED that the Report and Recommendation (Dkt. No. 11) of United States Magistrate Judge David E. Peebles is accepted; and it is further

ORDERED that the petition (Dkt. No. 1) is denied and dismissed on the grounds set forth in the Report and Recommendation and in this Memorandum-Decision and Order; and it is further

ORDERED that the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Date:  July 15, 2010
       Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge